Frank J. Dykas (ISB #1777)
James L. Cornwell (ISB #6714)
Scott D. Swanson (ISB #8156)
DYKAS, SHAVER & NIPPER, LLP
P.O. Box 877
Boise, Idaho  83701 0877
Telephone:  (208) 345 1122
Facsimile:  (208) 388 6035

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| Dennis Hakes and Mark L. Anderson, DVM ) ) | |
| Plaintiffs, ) ) | Case No. CV 10 070 |
| v. ) ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| AMBIC EQUIPMENT LIMITED, an English business ) entity; THE COBURN COMPANY, Inc., a Wisconsin ) corporation; NASCO, a Wisconsin corporation; ) and John Does I   X ) Defendants. ) _____ ) | |

Comes now Plaintiffs, Dennis Hakes and Mark L. Anderson, DVM, by and through their attorney of record, Dykas, Shaver and Nipper, LLP and brings this action against Defendants: Ambic Equipment Limited (Ambic); Coburn Company, Inc. (Coburn); NASCO; and John Does I X;  (herein, collectively, "Defendants") and for its cause of action alleges:

### THE PARTIES

1. Plaintiff Hakes is an individual residing in Heyburn, Idaho.

2. Plaintiff Anderson is an individual residing in Spring Valley, Wisconsin.

3. On information and belief, Ambic is an English business entity organized and existing under the laws of England, with its principal place of business Avenue Four, Station Lane, Witney, Oxfordshire, OX28 4XT England.

4. On information and belief, The Coburn Company, Inc. is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 834 E. Milwaukee St., Whitewater, WI 53190.

5. On information and belief, NASCO is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business at 901 Janesville Ave., Fort Atkinson, WI  53538.

6. John Does I through X may be individuals or business entities whose true identities and places of residence are unknown to Plaintiff as of the date of the filing of this Complaint.

## THE PATENTS

7. On June 23, 2007, United States Patent No. 7,165,510 entitled "Bovine Germicide Application Device" was duly and legally issued (the "'510 patent").  A true and correct copy of the '510 patent is attached as Exhibit A.

8. On June 17, 2008, United States Patent No. 7,387,086 entitled "Bovine Germicide Application Device and Method" was duly and legally issued (the "'086 patent").  A true and correct copy of the '086 patent is attached as Exhibit B.

9. Pursuant to 35 U.S.C. § 282, both the '510 and '086 patents are presumed valid.

10. Plaintiff Dennis Hakes and Mark L. Anderson, DVM, are the owners of the entire right, title, and interest in the '510  and '086 patents.

**JURISDICTION AND VENUE**

11. This action arises under the patent laws of the United States, Title 35 United States Code, particularly §§ 271 and 281. This Court has jurisdiction over the claim for patent infringement under 28 U.S.C. § 1338(a). Venue is proper in this Court under Title 28 United States Code §§ 1391(b) and (c) and 1400(b).

12. Coburn, upon information and belief, transacts business in this district by selling or offering to sell products as described and claimed in the '510 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

13. NASCO, upon information and belief, transacts business in this district by selling or offering to sell products as described and claimed in the '510 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

14. Ambic, upon information and belief, transacts business in this district by using, selling or offering to sell products or importing products as described and claimed in the '510 patent and/or by conducting other business in this judicial district sufficient to render it subject to jurisdiction in this district.

**BACKGROUND AND STATEMENT OF FACTS**

15. Dennis Hakes invented a new and useful dip cup for applying non foaming germicidal dip to the teats of cattle. This new dip cup dramatically reduces waste which results in significant savings to dairy farmers without any decrease in the effective application of the dip.

16. U.S. Patent 7,165,510 was issued to Mr. Hakes for the non foaming germicidal dip cup.

17.     Mr. Hakes also patented a method of applying non foaming germicidal teat dip. U.S. Patent 7,387,086 was issued for the method of applying non foaming germicidal teat dip.

18.     Mr. Hakes patented the non foaming germicidal dip cup in the UK.  Patent GB 2,422,546 was issued for the non foaming germicidal dip cup.  (The UK patent)   A true and correct copy of the GB 2,422,546 patent is attached as Exhibit C.

19.     Mr. Hakes assigned 5% to Mark L. Anderson, DVM.

20.     Ambic was aware of Plaintiff's patents and May 19, 2009 they requested a validity opinion from the UK Intellectual Property Office.  Documents filed in Ambic's request for the validity opinion from the UK Intellectual Property Office refer to the '510 patent.

21.     Ambic has copied the device patented by Plaintiff's with full knowledge of the rights secured by Plaintiff's in the '510 and '086 patents.

### PATENT INFRINGEMENT COUNT ONE - DIRECT INFRINGEMENT

22.     Plaintiff realleges and incorporates by reference paragraphs 1 through 21.

23.     Coburn, on information and belief, sells, or offers to sell, within the United States, products that infringe claims of the '510 patent, including at least claim 1, and/or claims 2, 3, 4, 6 and  7, including for example and without limitation the Ambic Dip Cup with DipMizer, as well as any other teat dip cup with a means of wiping excess germicidal solution from teats as described and claimed in the '510  patent.

24.     NASCO, on information and belief, sells, or offers to sell products, within the United States, that infringe at least claim 1, and/or claims 2, 3, 4, 6 and  7 of the '510  patent, including for example and without limitation the Ambic Dip Cup with DipMizer, as well as any

other teat dip cup with a means of wiping excess germicidal solution from teats as described and claimed in the '510 patent.

25. Ambic, on information and belief, imports, makes, uses, sells, or offers to sell within the United States, or imports into the United States, products that infringe at least claim 1, and/or claims 2, 3, 4, 6 and 7 of the '510 patent, including for example and without limitation the Ambic Dip Cup with DipMizer, as well as any other teat dip cup with a means of wiping excess germicidal solution from teats as described and claimed in the '510 patent.

26. By so importing, making, using, selling, and offering to sell the aforementioned products within the United States and/or importing the aforementioned products into the United States, Defendants have been and continue to infringe Plaintiffs' rights in the '510 patent.

27. Plaintiffs have suffered damages by reason of Defendants acts of infringement, including lost sales of patented products and lost sales of replacement parts therefore, loss of reputation and good will and other irreparable harm and thus, are entitled to recover damages adequate to compensate for Defendants' infringement which in no event can be less than a reasonable royalty.

**PATENT INFRINGEMENT COUNT TWO - CONTRIBUTORY INFRINGEMENT**

28. Plaintiff realleges and incorporates by reference paragraphs 1 through 27.

29. Coburn, on information and belief, sells, or offers to sell, within the United States, a product that is a material part of the '510 patent with the intent that the product be used to directly infringe at least claim 1, and/or claims 2, 3, 4, 6 and 7 of the '510 patent.

Including for example and without limitation the Ambic DipMizer Accessory for Ambic Dip Cups as well as any other teat dip cup accessory or attachment with a means of wiping excess germicidal solution from teats as described and claimed in the '510 patent.

30. NASCO, on information and belief, sells, or offers to sell products, within the United State a product that is a material part of the '510 patent with the intent that the product be used to directly infringe at least claim 1, and/or claims 2, 3, 4, 6 and 7 of the '510 patent. Including for example and without limitation the Ambic DipMizer Accessory for Ambic Dip Cups as well as any other teat dip cup accessory or attachment with a means of wiping excess germicidal solution from teats as described and claimed in the '510 patent.

31. Ambic, on information and belief, imports, makes, uses, sells, or offers to sell within the United States, or imports into the United States, a product that is a material part of the '510 patent with the intent that the product be used to directly infringe at least claim 1, and/or claims 2, 3, 4, 6 and 7 of the '510 patent. Including for example and without limitation the Ambic DipMizer Accessory for Ambic Dip Cups as well as any other teat dip cup accessory or attachment with a means of wiping excess germicidal solution from teats as described and claimed in the '510 patent.

32. By so importing, making, using, selling, and offering to sell the aforementioned product that is a material part of the '510 patent with the intent that the product be used to directly infringe within the United States and/or importing the aforementioned products into the United States, defendants have infringed and continue to infringe Plaintiff's rights in the '510 patent.

33. Plaintiffs have suffered damages by reason of Defendants acts of contributory infringement, including lost sales of patented products and lost sales of replacement parts therefore, loss of reputation and good will and other irreparable harm and thus, are entitled to recover damages adequate to compensate for Defendants' infringement which in no event can be less than a reasonable royalty.

### PATENT INFRINGEMENT COUNT THREE - ACTIVE INDUCEMENT

34. Plaintiff realleges and incorporates by reference paragraphs 1 through 33.

35. Coburn, on information and belief, sells, or offers to sell, within the United States products with the intent to induce infringement of the '086 patent by others.

36. NASCO, on information and belief, sells, or offers to sell, within the United States products with the intent to induce infringement of the '086 patent by others.

37. Ambic, on information and belief, imports, makes, uses, sells, or offers to sell within the United States, products with the intent to induce infringement of the '086 patent.

38. By so importing, making, using, selling, and offering to sell the aforementioned products with the intent to induce infringement of the '086 patent by others, Defendants have actively induced infringement by others and continue to induce infringement by others of Plaintiffs' rights in the '086 patent.

39. Plaintiffs have suffered damages by reason of Defendants acts of active inducement, including lost sales of patented products and lost sales of replacement parts therefore, loss of reputation and good will and other irreparable harm and thus, are entitled to recover damages adequate to compensate for Defendants' infringement which in no event can be less than a reasonable royalty.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for entry of judgment:

A.      For judgment that Patent 7,165,510 is valid and enforceable.

B.      For judgment that Patent 7,387,086 is valid and enforceable.

C.      For a Preliminary Injunction as allowed under 35 U.S.C. § 283, to prevent the violation of the Plaintiff's rights secured by the '510 and '086 patents during the pendency of this action;

D.      For a Permanent Injunction as allowed under 35 U.S.C. § 283, to prevent the violation of the Plaintiff's rights secured by the '510 and '086 patents;

E.      For judgment that the defendants have jointly and severally infringed the claims of patent 7,165,510.

F.      For judgment that the defendants have jointly and severally engaged in conduct that is contributory infringement of the claims of patent 7,165,510.

G.      For judgment that the defendants have jointly and severally induced infringement of the claims of patent 7,387,086.

H.      That Defendants, Coburn, NASCO and Ambic, account for and pay to Plaintiff all damages caused by the infringement of the '510 and '086 patents, which by statute can be no less than a reasonable royalty, per 35 U.S.C. § 284;

I.      That Defendants, Coburn, NASCO and Ambic, account for and pay to Plaintiff enhanced damages caused by the willful infringement of the '510 and '086 patents, per 35 U.S.C. § 284;

J.     That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants, Coburn, NASCO and Ambic's infringement of the '510 and '086 patents, per 35 U.S.C. § 284;

K.     That Plaintiff be granted its attorneys' fees in this action for willful infringement of the '510 and '086 patents, per 35 U.S.C. § 285;

L.     That costs be awarded to Plaintiff;

M.     That Plaintiff be granted such other and further relief that is just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

DATED this 8th day of February, 2010.

Respectfully submitted,

_____
Frank J. Dykas (ISB #1777)
James L. Cornwell (ISB #6714)
Scott D. Swanson (ISB #8156)
DYKAS, SHAVER & NIPPER, LLP
P.O. Box 877
Boise, Idaho 83701-0877
Telephone: (208) 345-1122
Facsimile: (208) 388-8370

*Attorneys for Plaintiff*